## Case No. 15,543.

### UNITED STATES v. KORN.

[Gilp. 49.] 1

District Court, E. D. Pennsylvania.    Feb. 27, 1829.

SURVIVAL OF ACTIONS—TORTS—PENALTIES.

The legal principle, that actions arising ex delicto die with the person, is not changed or affected by the act of congress which gives special bail in suits brought by the United States, for pecuniary penalties.

This was an action brought for the recovery of a penalty, alleged to have been incurred by the intestate in his life time, for a violation of the revenue law. The defendant [Henry Korn] admitted that the penalty was incurred by the intestate, but denied that it was recoverable from his administrator.

Mr. Ingersoll, U. S. Dist. Atty., cited the act of March 2, 1779, §§ 50, 65 (1 Story's Laws, 617, 630 [1 Stat. 665, 676]).

Mr. Keemle for defendant. The act of congress makes only those persons liable for the penalty who have been guilty of the offence. There is nothing in it to extend it to the representative. The cause of action arises ex delicto and not ex contractu. The enactment, that the offender shall be held to bail to answer to the United States, is on a different principle from the surviving of the action to his representatives, and does not alter the nature or legal character of the action. 3 Bl. Comm. 302; 3 Bac. Abr. 97; 1 Com. Dig. 461, tit. "Administration," B, 15; Wheatley v. Lane, 1 Saund. 216; Hambly v. Trott, Cowp. 375.

HOPKINSON, District Judge. This action is brought for the recovery of a penalty, alleged to have been incurred by James Hepworth in his lifetime, charging that he was knowingly concerned and aided in removing and securing certain goods, brought in a vessel from a foreign port, without having obtained a permit from the collector and naval officer, for such unlading and delivery. It is admitted that James Hepworth was guilty of this offence and was liable personally for the penalty. The only question is, whether an action for the recovery of it may be maintained against his administrator. The English cases are uniform, confirmed by several in our own country, particularly in New York, that actions founded in tort or misfeasance, and arising ex delicto, die with the person. I do not think that the law, in this respect, is changed or affected by the circumstance, that the act of congress gives special bail in actions brought by the United States for pecuniary penalties, which is the only ground taken by the district attorney to maintain his suit.

Let judgment be entered for the defendant.

1 [Reported by Henry Gilpin, Esq.]

## Case No. 15,544.

### UNITED STATES v. KROUSE.

[2 Cranch, C. C. 252.] 1

Circuit Court, District of Columbia.    Oct. Term, 1821.

CRIMINAL LAW—PEREMPTORY CHALLENGES.

A prisoner indicted for horse-stealing, in Washington county, is not entitled to the right of peremptory challenge.

Indictment [against Everhard Krouse] for horse-stealing.

Mr. Key, for the prisoner, claimed the right of peremptory challenge, and referred to U. S. v. Black [Case No. 14,601], at December term, 1819, where it was allowed.

But THE COURT refused to allow it, because in that case the court had to decide whether they could not sentence the prisoner to death under the law of Maryland.